Marvin, J.
The judgment of the court of common pleas is affirmed.
Two errors are complained of: First, that the case of Rachel McClatchy, v. John McClatchy, for divorce, was tried in the court of common pleas out of its order, without the consent of the defendant, and without having been especially assigned for trial or hearing out of its regular order. It is said that this is in violation of section 5134, Revised Statutes, which provides that “cases in which there is an issue of fact, or in which damages are to be assessed, shall be tried in the order in which they stand on the trial docket, unless by the consent of the parties or by the order of the court they are continued or placed at the heel of the docket, or for good cause shown may be especially assigned for trial or hearing out of their regular order.”
Although this was a case where the petition in error prayed for both divorce and alimony, it may well be doubted whether it comes within the provisions of that part of the section which has been quoted.
A further provision of the section reads:
*202 “All other cases shall be heard in the order in which they stand upon the trial docket, unless the court otherwise directs. ”
Section 466 Revised Statutes provides that:
“The judges of the court of common pleas in Cuyahoga county may classify and arrange the business therein and assign to each of the judges such portion of the business as may be thought proper, and such business may be disposed of by all or any number of the judges sitting together or each sitting separately.’’
It would be impracticable to carry on the business of the courts in this county if no case could be heard in any room or before any judgo until all earlier cases which are ready for trial, had been disposed of. This would necessitate the constant changes of cases from one judge to another.
The evidence relied upon to show that this case was not tried in its proper order, is the affidavit of Mr. Coates, a deputy in the office of the clerk of courts of the county, whose duty it was to enter the assignment of cases. He says that “On the 24h day of March, 1899’’ (the day on which this case was heard) “there was a very great number of cases pending ready for trial, and untried, on the docket of the court of common pleas as aforesaid, in advance of and prior to, and, of right, ahead of case No. 64605’’,(the case under consideration). What the nature of these cases in advance was, is not shown by the affidavit of Mr. Coates. For all that appears, they may have all been jury cases, and not triable under the rules of the court, in the same room or before the same judge where this case was tried. And we are not prepared to say from this evidence and the law, that ffiis case was not tried at a proper time, in view of section 5694, Revised Statutes, which provides as to divorce cases, that they may be heard and decided at any time after the expiration of six weeks from the service of summons or the first publication of notice.
It is urged that the case was heard upon a deposition of the taking of which the plaintiff in error had no notice. The affidavit of Mr. Conant shows that until long after the taking of such deposition, he was the attorney of the plaintiff in error, and that notice of the taking of such deposition was served upon him.
Johnson & Hackney, and J. M. Patton, for Plaintiff in Error.
A. A. Mares, for Defendant in Error.
It is true that a person, unknown to the record,Accepted service of such notice, but this in no wise, affects the ^validity of the service upon the attorney who was employed in the case,